UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| THE HUB TEXAS, LLC<br>a/k/a THE HUB DELAWARE, LLC,<br>    Plaintiff,<br><br>v.<br><br>ARCH SPECIALTY INSURANCE<br>COMPANY,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>CIVIL ACTION<br>NO. 5:21-cv-00180-H |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S AMENDED MOTION TO COMPEL**

Defendant, Arch Specialty Insurance Company ("Defendant") submits this Response to Plaintiff's Amended Motion to Compel Defendant's Discovery Responses, as required by the Court's December 7, 2022 Order (Dkt. No. 41), and respectfully shows the Court as follows:

## I.   PROCEDURAL POSTURE

On November 7, 2022, Plaintiff moved to compel certain documents and responses to Plaintiff's First Request for Production numbers 2, 3, 4, 5, 6, 8, 16, 17, 20, 21 and Second Request for Production numbers 1–20, 27, 28, 30, 31, 32, 33, 34, and 39, as well as responses to Plaintiff's First Set of Interrogatories numbers 2, 3, 4, 5, 6, 7, 9, 12, 13, and 14 and Plaintiff's Second Set of Interrogatories numbers 1 through 11. (Dkt No. 32).

Counsel for the Parties conferred on November 16, 2022 regarding Plaintiff's Motion to Compel Discovery Responses. Defendant agreed to amend its responses and objections to Plaintiff's Requests for Production and Interrogatories in an effort to resolve the alleged deficiencies. On November 18, 2022, Defendant produced a supplemental production. Defendant has produced approximately 1771 pages of documents to Plaintiff, which Defendant represented

constituted all responsive, non-privileged documents in Defendant's custody, possession, or control to Plaintiff's requests.

Accordingly, on November 21, 2022, the Parties reported to this Court that the majority of the disputed discovery issues have been resolved through the supplemental productions and amended responses Defendant provided on July 19, 2022 and November 18, 2022. (Dkt. No. 37). Defendant advised this Court that it maintained its objections as to the relevancy of certain requests for production by Plaintiff, as the requests broadly fell into three categories: irrelevant contracts between Defendant and third-parties, broad requests for "all" documents related to Defendant and certain third-parties for handling of "wind/hail insurance claims," and vague requests related to the "profitability" of Plaintiff's account and "rate" information that have no bearing on the claims and defenses presented in this action. (Dkt. No. 37).

On December 5, 2022, Plaintiff filed its Amended Motion to Compel, which vaguely disputed Defendant's answers and objections to certain interrogatories and a request for a privilege log. Moreover, without explaining or providing any support as to the "deficiency" related to the responses and productions on behalf of Engle Martin & Associates and Unified Building Services, Plaintiff makes a vague and broad request that the Court compel "production of complete discovery responses" of these third parties. As Plaintiff's Amended Motion to Compel does not re-assert its prior demands related to Plaintiff's requests for production, Defendant presumes the issues have been resolved and will address the points raised in Plaintiff's Amended Motion to Compel.

On December 20, 2022, the Parties filed a Joint Motion to Extend deadlines, including a request to extend the discovery deadline to January 20, 2023 in order to complete certain depositions and resolve the pending discovery disputes. (Dkt. No. 42).

## II.  ARGUMENT AND AUTHORITIES

A. **Interrogatories**

As an initial matter, Plaintiff's First and Second Set of Interrogatories include "subparts" that constitute separate interrogatories. Specifically, Plaintiff's First Set of Interrogatories Nos. 3, 5, 8, 11, and 13 as well as Plaintiff's Second Set of Interrogatories Nos. 1 and 7 include various "subparts" that can be answered fully standing alone. A party may serve no more than 25 interrogatories on another party, including all discrete subparts, unless the court authorizes more. Fed. R. Civ. P. 33(a). Although Rule 33(a) states that discrete subparts should be counted as separate interrogatories, it does not define what discrete subparts are. *Krawczyk v. City of Dallas*, No. Civ. A. 3:03-CV-0584D, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004). Interrogatories that are logically or factually subsumed within and necessarily related to the primary question can be considered one interrogatory. *Id.* (citation omitted). If, however, the first subpart can be answered fully and completely without answering the second subpart, they are considered two separate interrogatories. *Id.* Nevertheless, Defendant responds to the issues raised in Plaintiff's Amended Motion to Compel.

Plaintiff's Amended Motion to Compel contends that Defendant's Responses to the following Interrogatories as "deficient":

- Responses to Plaintiff's First Set of Interrogatories Nos. 2, 4, 5, 6, 11, 13, and 14.
- Responses to Plaintiff's Second Set of Interrogatories Nos. 1, 3, 5, 6, 7, 9, and 10.

As provided in **Exhibits 1 and 2**[1] of this Response, Defendant believes that the majority of these "deficiencies" have been addressed by virtue of the additional amendments to Defendant's Responses to Plaintiff's First and Second Set of Interrogatories.

---

[1] The amended responses and objections are highlighted for ease of review.

Defendant maintains its objections as to the relevancy of Plaintiff's Second Set of Interrogatories Nos. 5, 6, and 7. Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, or if the burden or expense of proposed discovery outweighs its potential benefit." *Cardwell v. Freedom Mortgage Corp.*, No. 3:20-cv-2193, 2020 WL 8361933, at *1 (N.D. Tex. Sept. 22, 2020). Defendant's length of "relationship" with third parties and how these "relationships" were formed have no bearing on the claims and/or defenses presented in this action. Moreover, such discovery is unreasonably cumulative, as Plaintiff had the opportunity to raise these questions during Defendant's corporate representative deposition taken on November 29, 2022 and additional opportunities to raise such questions during the depositions of the relevant witnesses whose depositions are forthcoming. Accordingly, Plaintiff's Amended Motion to Compel should be denied.

**B. Privilege Log**

Although counsel for Defendant has informed counsel for Plaintiff numerous times that the documents being withheld are based on attorney-client privilege with the vast majority of documents withheld being subject to attorney-client privilege *after* the commencement of litigation, Defendant provides **Exhibit 3**, which includes the correspondence and documents that

have been withheld. Accordingly, Defendant believes that Exhibit 3 addresses the issues raised in Plaintiff's Amended Motion to Compel. Accordingly, Plaintiff's Amended Motion to Compel should be denied.

C. **Third-Party Discovery**

Plaintiff also makes a general demand that the Court compel the "production of complete discovery responses" of Engle Martin & Associates and Unified Building Services but fails to "identify the specific Rule 34 requests at issue" or "discuss how [the opposing party's] responses and document productions are deficient." *Carter v. H2r Restaurant Holdings, LLC*, No. 3:16-cv-1554, 2017 WL 3724122, at *5 (N.D. Tex. Aug. 29, 2017) (citing *Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-cv-4682, 2016 WL 1392332, at *6 (N.D. Tex. April 8, 2016) (denying plaintiff's motion to compel for these deficiencies, among others). As in *Carter* and *Harrison*, Plaintiff likewise fails to "minimally support" its Amended Motion to Compel, as Plaintiff did not identify the specific Rule 34 requests at issue nor explain why it contends such response are insufficient. *Id.* This Court and Defendant are left guessing as to what Plaintiff deems as deficient. Accordingly, Plaintiff's Amended Motion to Compel should be denied.

D. **Plaintiff's Deficient Discovery**

As noted above, on December 20, 2022, the Parties filed a Joint Motion to Extend deadlines, including a request to extend the discovery deadline to January 20, 2023 in order to complete certain depositions and resolve the pending discovery disputes. (Dkt. No. 42). This joint request was, in part, due to Plaintiff's failure to produce documents that were previously ordered to be produced by this Court on November 9, 2021. (Dkt. No. 17). Specifically, the Court granted Defendant's Motion to Abate Proceedings Pending Completion of the Examination Under Oath, which requested that Plaintiff provide the following documents (Dkt. No. 6):

- All documents related to replacement, repairs, or maintenance of the roof of the Property from January 2015 to the present;
- Any repair estimates, invoices, engineering, roofing, or other consultant reports related to damage to the roof;
- All documents related to replacement, repairs, or maintenance of the interior of the Property arising out of water damage; and
- Any repair estimates, invoices, engineering, roofing, or other consultant reports related to interior water damage.

During the deposition testimony of Plaintiff's non-retained expert, Seth Vaughn, taken on December 9, 2022, counsel for Defendant recently became aware that Mr. Vaughn completed certain repairs to the Property and submitted invoices to Plaintiff for such repairs to the Property that should have been produced in accordance with the Court's November 9, 2021 Order. These documents were never produced to Defendant. Nevertheless, Defendant continues to work with Plaintiff regarding this issue and with the expectation that the Parties will continue to confer of all discovery issues.

### III.   CONCLUSION

For the reasons stated herein, Defendant Arch Specialty Insurance Company respectfully requests that this Court deny Plaintiff's Motion to Compel and for all other relief to which Defendant may be justly entitled.

Respectfully submitted,

**ZELLE LLP**

By: /s/ *Kristin C. Cummings*
Kristin C. Cummings
Texas Bar No. 24049828
kcummings@zellelaw.com
Hanna Kim
Texas Bar No. 24100926
hkim@zellelaw.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975

        Telephone:   (214) 742-3000
        Facsimile:   (214) 760-8994

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served on December 21, 2022, in accordance with the Federal Rules of Civil Procedure, by electronic filing as follows:

Vincent P. Circelli
State Bar No. 24058804
vcircelli@dcclawfirm.com
Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com
Andrew Spadoni
State Bar No. 24109198
aspadoni@dcclawfirm.com

**DUGAS, CHEEK & CIRCELLI, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:   (817) 945-3061
Facsimile:   (682) 219-0761

**ATTORNEYS FOR PLAINTIFF**

           /s/ *Kristin C. Cummings*
           Kristin C. Cummings

**Page 7**